# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 16-10101
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WINFRED MORGAN TRAMMEL,

Defendant - Appellant

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-151-22

—————

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Pursuant to a jury trial, Winfred Morgan Trammel was convicted of one count of conspiracy to possess, with intent to distribute, 50 grams or more of a substance containing methamphetamine. The district court sentenced him, *inter alia*, within the advisory Sentencing Guidelines range to 262 months in prison. Trammel challenges both his conviction and sentence.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-10101

Regarding his conviction, he asserts, on two bases, that the evidence was insufficient to support his conviction.  For the following reasons, a rational juror could have found him guilty.

Although Trammel maintains he was merely in a buyer-seller relationship with his purported co-conspirators, the evidence at trial established he was a repeat customer of relatively large quantities of methamphetamine, which indicates participation in a conspiracy.  *See United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993).  Moreover, Trammel was fronted drugs by other individuals named in the indictment, demonstrating a strong level of trust and a mutually dependent relationship.  *See United States v. Posada-Rios*, 158 F.3d 832, 860 (5th Cir. 1998).

Trammel also contends the evidence was insufficient because the Government proved the existence of a conspiracy different from the one alleged in the indictment.  Contrary to his assertions, the evidence at trial proved the allegations in the indictment with respect to the time period, the identity of the participants, the nature and scope of the offense, and the location of the events taking place within the conspiracy.  *See United States v. Thomas*, 12 F.3d 1350, 1357 (5th Cir. 1994).

In addition, Trammel challenges his conviction by claiming the court erred in admitting text messages sent to him by a co-conspirator.  He maintains the messages constituted inadmissible hearsay evidence and that their introduction violated the Confrontation Clause because the co-conspirator did not testify.  Evidentiary rulings are reviewed for an abuse of discretion.  *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011).  The messages fall within an exception to the hearsay rule because they were statements made "during and in furtherance of the conspiracy" by one of Trammel's co-conspirators.  Fed. R. Evid. 801(d)(2)(E); *see United States v.*

2

No. 16-10101

*Snyder*, 930 F.2d 1090, 1095 (5th Cir. 1991).   For similar reasons, the introduction of the evidence does not run afoul of the Confrontation Clause, as "[s]tatements made between co-conspirators in furtherance of a conspiracy are not testimonial".   *United States v. Alaniz*, 726 F.3d 586, 607 (5th Cir. 2013) (internal quotation marks and citation omitted).

Regarding his sentence, Trammel claims the court erred by imposing a two-level enhancement, pursuant to Guideline § 3C1.1, for obstruction of justice.   Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.   *Gall v. United States*, 552 U.S. 38, 48–51 (2007).   If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.   *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (2009).   In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.   *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The court imposed the enhancement after finding Trammel had willfully provided false statements at his suppression hearing, regarding the timing of the warnings provided in *Miranda v. Arizona*, 384 U.S. 436 (1966).   Trammel presented no evidence to counter the presentence investigation report's enhancement recommendation.   Because the "district court's finding is plausible in light of the record as a whole", there is no clear error.   *Cisneros-Gutierrez*, 517 F.3d at 764 (internal quotation marks and citation omitted).

AFFIRMED.